IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. 25,567-02




EX PARTE ARTHUR GLEN BROWN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 14,996-CR IN THE 349TH DISTRICT COURT
FROM HOUSTON COUNTY




           Per curiam.

O R D E R


            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to twenty-five years’ imprisonment. The Twelfth Court of Appeals affirmed
his conviction. Brown v. State, No. 12-97-00081-CR (Tex. App.–Tyler, delivered October 30,
1998).
            Applicant contends that he is being denied credit for pre-sentence jail time that was ordered
on the face of his judgment. Applicant has alleged facts that, if true, might entitle him to relief. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file an affidavit listing Applicant’s sentence begin date and listing any jail time credit,
including any pre-sentence credit, he is receiving on this sentence. The affidavit should also indicate
whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and
if so, the date when the claim was submitted.
            The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.
            The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov’t Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is receiving the proper amount of time credit. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: January 27, 2010
Do not publish